UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DEJUAN HATCHER,

    Petitioner,

vs.

    Case No. 05-CV-74194
    HON. GEORGE CARAM STEEH
    Crim. No. 01-CR-80361

UNITED STATES OF AMERICA,

    Respondent.

_____/

ORDER DISMISSING § 2255 PETITION (#159), AND
DENYING CERTIFICATE OF APPEALABILITY

    Petitioner John DeJuan Hatcher filed a 28 U.S.C. § 2255 motion on November 2, 2005 seeking relief from his October 27, 2004 amended sentence of: two 60-month concurrent terms on convictions of aiding and abetting bank robbery, 18 U.S.C. § 2113(a), and felon in possession of a firearm, 18 U.S.C. § 922(g)(1); and a consecutive 30-year term on two merged convictions of using, carrying, or brandishing a firearm during a crime of violence, 18 U.S.C. § 924(c)(1)(A)(I-ii), and aiding and abetting the possession of a destructive device during the commission of a crime of violence, 18 U.S.C. § 924(c)(1)(A)(I) and 18 U.S.C. § 2. The facts and legal arguments presented in the parties' briefs are sufficient to adjudicate the petition. Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the petition be resolved without oral argument.

I. Background

    The underlying circumstances are set forth in United States v. McNeil, Nos. 02-1096/1757 and 03-1109, 106 Fed.Appx. 294 (6th Cir. July 1, 2004) (unpublished) in which

the Sixth Circuit affirmed the 2001 jury trial convictions of Hatcher and his accomplices Daniel McNeil and Jarrett Henderson relative to an April 19, 2001 armed robbery of a First Federal Bank branch in Sterling Heights, Michigan. The matter was remanded for resentencing, however, upon merging Hatcher's two § 924(c) convictions as related to the same predicate bank robbery offense and sentencing Hatcher at the highest available penalty under § 924(c) of 30 years. Id. at *305-*06 (citing United States v. Sims, 975 F.2d 1225, 1236 (1992)). In a separate matter, United States v. Hatcher, No. 02-CR-80188 (E.D. Mich. 2002)[1], Hatcher entered a Rule 11 Plea Agreement before this court relative to a September 27, 2000 armed robbery of a National City Bank branch in New Haven, Michigan, pleading guilty to one count of aiding and abetting bank robbery, 18 U.S.C. § 2113(a) and 18 U.S.C. § 2, in exchange for the dismissal of one count of attempted car jacking, 18 U.S.C. § 2119, one count of using a firearm during the commission of a bank robbery, 18 U.S.C. § 924(c)(1)(A)(ii), and one count of using a firearm during the commission of the attempted car jacking. Id. Hatcher's Rule 11 Plea Agreement in Case No. 02-CR-80188 provides in part:

> 5. <u>Unconditional waiver of conditional waiver of appeal and post-conviction rights</u>
>
> Defendant knows that he will be sentenced under the Federal Sentencing Guidelines and that: 1) the sentence has not yet been determined by the district judge; 2) any estimate of the likely sentence received from any source is a prediction and not a promise, and 3) the district judge has the final authority to decide what the sentence will be. Defendant has thoroughly reviewed this agreement with his lawyer and understands the agreement and its effect upon the potential sentence. Defendant is satisfied with his lawyer's advice and representation.
>
>    Defendant is pleading guilty voluntarily and intends to give up (waive) all appeal and other post-conviction rights he may have regarding both his conviction and sentence in exchange for the other terms of this agreement. Therefore, Defendant promises not to appeal or otherwise contest his

---

[1] Kevin Neal and Frederick McCloud were co-defendants.

>  conviction or sentence on any ground, including those contained in 18 U.S.C. §3742, or in any post-conviction proceeding, including any proceeding authorized by 28 U.S.C. § 2255.
>
>  <u>In addition, as part of this agreement, Defendant promises not to file any post-conviction petition, including but not limited to any proceeding authorized by 28 U.S.C. § 2255, on any ground whatsoever, including ineffective assistance of counsel, in or concerning Case No. 01-CR-80361. The parties acknowledge and agree that Defendant may continue to pursue his direct appeal in Case No. 01-CR-80361, which is currently pending before the Sixth Circuit Court of Appeals as Appeal No. 02-1757.</u>

<u>Hatcher</u>, No. 02-80188 (#40), at 6-7, July 23, 2003 (emphasis added). Hatcher was sentenced in Case No. 02-CR-80188 to 108 months imprisonment, to be served concurrently with the 60-month concurrent terms imposed on the two bank robbery convictions in the instant matter, Case No. 01-CR-80361. <u>Hatcher</u>, No. 02-80188 (#53, #54), October 28, 2004.

<u>II. Validity of Waiver of Post-Conviction Rights in Case No. 02-80188</u>

Hatcher's initial ground for § 2255 relief necessarily challenges the validity of his waiver of the right to seek such post-conviction relief under the express terms of the above Rule 11 Plea Agreement he executed in Case No. 02-CR-80188. Hatcher alleges his appellate counsel in 01-CR-80361, Attorney Margaret Raben, was acting under a conflict of interest when she negotiated the plea agreement in Case No. 02-CR-80188 and inadvertently advised Hatcher to waive any § 2255 claims he had against her in Case No. 01-CR-80361 for ineffective assistance of appellate counsel. Hatcher attests that during plea negotiations in Case No. 02-CR-80188, sometime between April 1 and July 23, 2003, Assistant United States Attorney ("AUSA") Daniel Hurley first advised Attorney Raben and Hatcher that a plea offer had been made in Case No. 01-CR-80361 to Hatcher's trial counsel Attorney Terry Price. Hatcher maintains the plea offer was never communicated to him, an offer which allegedly involved the dismissal of the possession of a destructive device charge and its potential 30-year sentence in exchange for Hatcher's guilty pleas to

3

the remaining charges and a resulting maximum sentencing exposure of 12 years.[2] Hatcher asserts on separate grounds that Attorney Raben provided ineffective assistance of counsel in Case No. 01-CR-80361 by failing to investigate and raise the undisclosed plea offer on direct appeal. Hatcher asserts he would have accepted the undisclosed plea offer and not proceeded to trial in Case No. 01-CR-80361 on the possession of a destructive device charge. Hatcher emphasizes that he "<u>does not challenge the sentence or conviction in Case No. 02-80188</u>." Petitioner's November 2, 2005 Memorandum, at 6 (emphasis in original).

### III. Analysis

Hatcher challenges the enforceability of the Rule 11 Plea Agreement he executed in Case No. 02-CR-80188. As pointed out by the Government, the proper vehicle for challenging the validity of the Rule 11 Plea Agreement was for Hatcher to initially file a § 2255 petition in Case No. 02-CR-80188 followed by a separate § 2255 petition in Case No. 01-CR-80361 challenging his conviction and sentence. <u>See</u> Rules Governing Section 2255 Proceedings, Rule 2(d) (requiring a § 2255 petitioner to file a separate motion covering each challenged judgment). The 2004 Advisory Committee Notes to Rule 2(d) caution that dismissal for failure to file a § 2255 petition in the proper form poses a significant penalty against a prisoner in light of the one-year statute of limitations, and that the better approach is to accept a defective petition and require resubmission in proper form.

Hatcher did not appeal his October 28, 2004 conviction and sentence in Case No. 02-CR-80188, and therefore the conviction and sentence became final for purposes of seeking § 2255 relief ten days later, on November 11, 2004. <u>See</u> <u>Brown v. United States</u>,

---

[2] Hatcher argues he was offered a sentencing recommendation of 60 months on the bank robbery charge, a concurrent 60-month sentence on the felon in possession of a firearm charge, and a consecutive 7-year sentence on the charge of brandishing a firearm during the bank robbery.

4

20 Fed.Appx. 373, 374-375, 2001 WL 1136000 (6th Cir. Sept. 21, 2001) (unpublished). Had Hatcher properly filed the instant November 2, 2005 § 2255 petition under Case No. 02-CR-80188, the petition would have been timely. Id. Consistent with the intent of Rule 2(d) of the Rules Governing Section 2255 Proceedings, the court proceeds to address Hatcher's grounds for setting aside his express waiver of rights to pursue post-conviction relief in Case No. 01-CR-80361 (as well as Case No. 02-CR-80188) as if Hatcher had properly filed the petition in Case No. 02-CR-80188.

A guilty plea involving the waiver of constitutional rights is enforceable if the waiver was voluntary and knowing to the extent the criminal defendant was sufficiently aware of the relevant circumstances and likely consequences of his plea. Brady v. United States, 397 U.S. 742, 748 (1970). Thus, "a defendant's informed and voluntary waiver of the right to collaterally attack a sentence in a plea agreement bars such relief." Skaggs v. United States, No. 02-6511, 104 Fed.Appx. 462, 464 (6th Cir. June 15, 2004) (unpublished) (quoting Watson v. United States, 165 F.3d 486, 489 (6th Cir. 1999)). Such waiver extends to bar claims for collateral relief asserting ineffective assistance of counsel. Id. (quoting Davila v. United States, 258 F.3d 448, 451 (6th Cir. 2001) for the proposition that "[w]hen a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his or her sentence, he or she is precluded from bring[ing] a claim of ineffective assistance of counsel based on 28 U.S.C. § 2255.")

The express wording of Hatcher's Rule 11 Plea Agreement in Case No. 02-CR-80188 informed Hatcher of the relevant circumstances and likely consequences of his plea relative to his conviction and sentence in Case No. 01-CR-80361:

> . . . Defendant [Hatcher] promises not to file any post-conviction petition, including but not limited to any proceeding authorized by 28 U.S.C. § 2255, on any ground whatsoever, including ineffective assistance of counsel, in or concerning Case No. 01-CR-80361. The parties acknowledge and agree that Defendant may continue to pursue his direct appeal in Case No. 01-CR-

5

80361, which is currently pending before the Sixth Circuit Court of Appeals as Appeal No. 02-1757.

Hatcher, No. 02-80188 (#40), at 6-7, July 23, 2003. Prior to his October 28, 2004 sentencing in Case No. 02-CR-80188, Hatcher's knowledge of the consequences of his Plea Agreement with respect to Case No. 01-CR-80361 was relied upon in securing Hatcher concurrent sentences in Case No. 02-CR-80188:

> As part of his plea agreement in [Case No. 02-CR-80188], Defendant [Hatcher] gave up his right to claim the ineffective assistance of his trial attorney in Case #: 01-80361. The most serious claim of ineffective assistance which Defendant [Hatcher] has waived is the claim that the Government offered the Defendant's attorney the opportunity for Defendant to plead guilty in the Sterling Heights bank robbery case [Case No. 01-CR-80361] without pleading guilty to the destructive device count, and Defendant was never informed of this offer. Defendant and undersigned counsel first became aware of this information during a debriefing with Government agents and AUSA Daniel R. Hurley. During the debriefing, Mr. Hurley asked Defendant why he had not accepted the Government's offer. Defendant's reaction made it plain to Mr. Hurley and the agents that the Government's offer had never been communicated to Defendant by Defendant's attorney. Upon information and belief, the Government's offer in the instant case was motivated in part by its concern that Defendant would likely prevail on a claim of ineffective assistance of counsel in Case No. 01-8361.

Defendant Hatcher's Sentencing Memorandum, Hatcher, No. 02-CR-80188 (#53), at 5-6, October 21, 2004. Hatcher's argument that he was coerced unknowingly into entering the Rule 11 Plea Agreement in Case No. 02-CR-80188 is unsupported by the record, particularly in light of the facts that: (1) Hatcher continued to pursue the benefit of his plea bargain in Case No. 02-CR-80188 more than three months after the Sixth Circuit affirmed his convictions in Case No. 01-CR-80361 on July 1, 2004; and (2) Hatcher continues to accept the benefit of his plea bargain in the instant § 2255 petition, emphasizing to the court that he "does not challenge the sentence or conviction in Case No. 02-80188." Petitioner's November 2, 2005 Memorandum, at 6. Hatcher's assertion that he did not know that he was waiving his right to assert ineffective assistance of counsel in a post-conviction § 2255 petition with respect to the alleged undisclosed plea offer in Case No. 01-

CR-80361 is belied by the express wording of the Rule 11 Plea Agreement and Sentencing Memorandum.

Hatcher's argument that Attorney Raben was laboring under a conflict of interest in Case No. 02-CR-80188 when she inadvertently advised him to waive potential post-conviction claims he had against her of ineffective assistance of appellate counsel in Case No. 01-CR-80361 for failing to raise or investigate trial counsel's alleged non-disclosure of a plea offer on direct appeal is equally without merit. In the context of his Rule 11 Plea Agreement, Hatcher is required to show that an actual conflict of interest existed, and that Attorney Raben knowingly made a choice between inconsistent alternatives that adversely affected the voluntariness of his guilty plea. Thomas v. Foltz, 818 F.2d 476, 481 (6th Cir. 1987). A hypothetical or irrelevant conflict of interest does not support setting aside a guilty plea as involuntary. Id. A conflict of interest is merely hypothetical if the attorney does not in fact know of the conflict. United States v. Hopkins, 43 F.3d 1116, 1119 (6th Cir. 1995). Hatcher himself pleads that Attorney Raben "did not foresee that I would have to bring a claim against her in a post conviction proceeding" for failing to raise ineffective assistance of trial counsel on appeal, and that "Attorney Raben inadvertently, but definitely, advised Movant [Hatcher] to waive any claim he might have against Attorney Raben herself." Petitioner's November 2, 2005 Motion, at 5; Petitioner's November 2, 2005 Memorandum, at 6. The hypothetical conflict of interest raised by Hatcher does not support setting aside his Rule 11 Plea Agreement. Thomas, 818 F.2d at 481.

Still further, Attorney Raben's alleged conflict of interest in failing to raise ineffective assistance of counsel on appeal is also hypothetical to the extent that, as a general rule, the Sixth Circuit will not review ineffective assistance of counsel claims on direct appeal if the record has not been sufficiently developed to allow appellate review of counsel's alleged defective performance. United States v. Thomas, 74 F.3d 701, 715 (6th Cir. 1996).

The record does not support a finding that Attorney Raben knew when she was negotiating Hatcher's Rule 11 Plea Agreement in Case No. 02-CR-80188 that the Sixth Circuit would elect to review on direct appeal an ineffective assistance of trial counsel claim in Case No. 01-CR-80361 on an insufficient factual record[3]. This hypothetical conflict likewise fails as a matter of law. Hopkins, 43 F.3d at 1119; Thomas, 818 F.2d at 481.

Contrary to Hatcher's restrictive reading of Federal Rule of Criminal Procedure 11, Rule 11 does not preclude the waiver of rights in one case from acting as consideration for a Rule 11 Plea Agreement in another case. Plea agreements are contractual in nature, and subject to standards of contract law. United States v. Robison, 924 F.2d 612, 613 (6th Cir. 1991); United States v. Mandell, 905 F.2d 970, 973 (6th Cir. 1990). A United States Attorney in one judicial district may be bound by plea agreements reached by a United States Attorney in another judicial district. Robison, 924 F.2d at 613 (citing United States v. Carter, 454 F.2d 426 (4th Cir. 1972) (en banc); United States v. Annabi, 771 F.2d 670 (2d Cir. 1985)). Here, AUSA Hurley was involved in prosecuting Hatcher in both Case No. 01-CR-80361 and Case No. 02-CR-80188 within the same federal Eastern District of Michigan. There is nothing inherently coercive in the plea bargaining process wherein a criminal defendant waives constitutional rights in exchange for his guilty plea. See Robison, 924 F.2d at 613 (citing Staten v. Neal, 880 F.2d 962, 963 (7th Cir. 1989) for the general rule that "fundamental fairness means that courts will enforce promises made during the plea bargaining process that induce a criminal defendant to waive his constitutional rights and plead guilty").

## IV. Conclusion

---

[3] Hatcher admits that "[a]s regards counsel's failure to communicate a plea offer, the record was not fully developed in relation to this claim[.]" Petitioner's November 2, 2005 Memorandum, at 13 (emphasis in original).

For the reasons set forth above, Hatcher's Rule 11 Plea Agreement in Case No. 02-CR-80188 is enforceable, barring by its very wording Hatcher's instant claim for § 2255 relief in Case No 01-CR-80361.  <u>Brady</u>, 397 U.S. at 748; <u>Watson</u>, 165 F.3d at 489; <u>Davila</u>, 258 F.3d at 451.  Hatcher's petition for relief under § 2255 is hereby DENIED as barred, and his petition is hereby DISMISSED.  Before Hatcher may appeal this court's decision, a certificate of appealability must issue.  28 U.S.C. §2253(c)(1)(B); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).  Hatcher has made no such showing.  Accordingly, a certificate of appealability is hereby DENIED.

SO ORDERED.

s/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

Dated:  June 28, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on June 28, 2006, by electronic and/or ordinary mail.

s/Josephine Chaffee  
Secretary/Deputy Clerk

9