UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOHN DEJUAN HATCHER,

    Defendant.

_____/

Case No. 01-80361

Hon. George Caram Steeh

### ORDER DENYING MOTIONS FOR COMPASSIONATE RELEASE AND TO SEAL (ECF NOS. 335, 336)

Defendant John Dejuan Hatcher seeks compassionate release from prison, primarily based upon the COVID-19 pandemic. For the reasons explained below, Hatcher's motion is denied.

After a jury trial, Hatcher was convicted of bank robbery, using a firearm during a crime of violence, possession of a destructive device during a crime of violence, and being a felon in possession of a firearm. Hatcher also pleaded guilty to a second bank robbery. *See* Case No. 02-80188. The court sentenced him to 60 months for the bank robbery and felon in possession counts and 30 years for the merged firearm and destructive device offenses, for a total of 35 years in prison. Hatcher is

housed at the Federal Correctional Institution at Fort Dix, and his expected release date is March 27, 2031.

Hatcher seeks compassionate release based upon his medical condition and contraction of COVID-19, as well as changes in the law set forth in the First Step Act. Ordinarily, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). The statute provides for a limited exception, known as "compassionate release," which is governed by 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. Although compassionate release motions were historically initiated only by the Bureau of Prisons, the First Step Act allows prisoners to file such motions on their own behalf, after exhausting their administrative remedies. *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020).

Hatcher exhausted his administrative remedies by submitting a request for compassionate release to the warden of his facility in July 2020. Therefore, the court may consider the merits of his motion. *See United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020).

When reviewing a compassionate-release motion, the court considers the following: (1) whether "extraordinary and compelling reasons" warrant a sentence reduction; (2) whether "such a reduction is consistent with

applicable policy statements issued by the Sentencing Commission"; and (3) whether "all relevant sentencing factors listed in 18 U.S.C. § 3553(a)" support a reduction. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020)). "If each of those requirements are met, the district court 'may reduce the term of imprisonment,' but need not do so." *Id.* (citing 18 U.S.C. § 3582(c)(1)(A)).

The only potentially applicable policy statement is set forth in U.S.S.G. § 1B1.13. The Sixth Circuit has determined that this policy statement applies only to motions brought by the BOP, not to those brought by incarcerated persons. Therefore, "[i]n cases where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1111; *accord Elias*, 984 F.3d at 519-20.

Courts have found the "extraordinary and compelling" prong is satisfied as a result of the COVID-19 pandemic, the increased risk of contracting the virus in prison, and underlying health conditions that create the danger for severe complications if a defendant is infected. *See, e.g.*, *United States v. Mitchell,* 2020 WL 3972656, at *3 (E.D. Mich. July 14,

2020) (Type 2 diabetes and hypertension, in conjunction with COVID-19 pandemic, constituted extraordinary and compelling reasons); *United States v. Hargrove*, 2021 WL 509905, at *2 (E.D. Mich. Feb. 11, 2021) (heart failure, type 2 diabetes, and severe obesity, among other ailments). *See also United States v. Bass*, 2021 WL 476467, at *1 (6th Cir. Feb. 5, 2021) ("A defendant whose medical conditions increase his risk of severe illness may be able to demonstrate extraordinary and compelling reasons supporting release.").

In this case, Hatcher has already contracted COVID-19 and has avoided hospitalization or severe complications, undermining a finding of extraordinary and compelling reasons for his release.[1] *See United States v. Stephens*, 2020 WL 5769125, at *6 (E.D. Mich. Sept. 28, 2020) ("[M]any courts have held that where a defendant has contracted COVID-19 and recovered, his health condition is not extraordinary and compelling."); *United States v. West*, 2020 WL 5520929, at *2 (E.D. Tenn. Sept. 14, 2020) (positive COVID-19 test rendered prisoner's motion "moot").

---

[1] Hatcher complains about the lack of appropriate medical care after he was diagnosed with COVID-19 and that his hypertension remains uncontrolled. Uncontrolled hypertension, in itself, is not an extraordinary and compelling reason for release. To the extent Hatcher argues that officials were deliberately indifferent to his medical needs, his claim arises under the Eighth Amendment and is beyond the scope of a compassionate release motion. *See Stephens*, 2020 WL 5769125 at *7; *United States v. Phillips*, 2021 WL 494762, at *7 (E.D. Tenn. Feb. 10, 2021) (Eighth Amendment claim properly brought in civil action rather than criminal case).

According to the CDC, cases of COVID-19 reinfection have been reported "but remain rare."[2] Another positive development that counsels against compassionate release is that the BOP is currently vaccinating inmates and staff, and has administered more than 85,000 doses of vaccine. *See* https://www.bop.gov/coronavirus/ (last accessed March 19, 2021). As of March 19, 2021, 183 staff members and 157 inmates at Fort Dix FCI have been fully vaccinated against COVID-19, reducing Hatcher's risk of reinfection. *Id.*

The First Step Act likewise does not provide support for Hatcher's release. Some courts have determined that the First Step Act's amendment of 18 U.S.C. § 924(c)(1)(C) constitutes an extraordinary and compelling reason justifying compassionate release under § 3582(c)(1)(A). *See, e.g., United States v. Maumau*, 2020 WL 806121 (D. Utah Feb. 28, 2020); *United States v. Decator*, 452 F. Supp.3d 320 (D. Md. 2020). However, these decisions do not support compassionate release in Hatcher's case, because he was not sentenced under § 924(c)(1)(C), and the First Step Act amendments did not modify the statutory provisions under which he was sentenced. The First Step Act amended 18 U.S.C. § 924(c)(1)(C), which

---

[2] https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last accessed March 19, 2021).

previously allowed multiple "stacked" 25-year sentences for successive violations of § 924(c) charged in the same indictment. *See Deal v. United States*, 508 U.S. 129 (1993); First Step Act of 2018, Pub. L. No.115-391, § 403, 132 Stat. 5194, 5221-22 (2018). Hatcher was not sentenced to any "stacked" terms under § 924(c)(1)(C). Rather, he was sentenced to the mandatory minimum 30-year sentence for using a destructive device during a crime of violence, under § 924(c)(1)(B)(ii). The First Step Act did not change the penalty set forth in this provision and does not, therefore, provide a basis for compassionate release here.

Hatcher also asserts that he is remorseful for his crimes and has worked to rehabilitate himself through therapy, work, and educational programs. Although the court commends Hatcher's efforts, it is precluded from granting compassionate release based upon rehabilitation alone. *See* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").

Even if Hatcher had demonstrated extraordinary and compelling reasons supporting compassionate release, the court finds that the sentencing factors set forth in § 3553 do not support a reduction. These factors include the defendant's history and characteristics, the seriousness of the offense, the need to promote respect for the law and provide just

punishment, general and specific deterrence, and the protection of the public. 18 U.S.C. § 3553(a). The court presumes that its "initial balancing of the § 3553 factors during [the defendant's] sentencing remains an accurate assessment as to whether those factors justify a sentence reduction, meaning [the defendant] must make a compelling case as to why the sentencing court's § 3553(a) analysis would be different if conducted today." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021).

Here, Hatcher engaged in serious and violent offenses, including threatening bank employees with a live explosive device. *See* ECF No. 124, *United States v. McNeil*, 106 Fed. Appx. 294, 297 (6th Cir. 2004). The seriousness of this § 924(c)(1)(B)(ii) violation is reflected in the statutory mandatory minimum sentence of 30 years. The court finds that a reduction below this mandatory minimum would minimize the seriousness of the offense and lead to sentencing disparities.

Hatcher also requests that the court seal pages seventeen and eighteen of his motion, to protect personal family information and his proposed release location. He has not explained why this material should be filed under seal. "Only the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (citation omitted). Absent

specific reasons and authority in support of sealing a document, the court is unable to do so. *See id.* ("[A] district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'").

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Hatcher's motion for compassionate release (ECF No. 335) is DENIED.

IT IS FURTHER ORDERED that Hatcher's motion to seal (ECF No. 336) is DENIED WITHOUT PREJUDICE.

Dated: March 19, 2021

                                      s/George Caram Steeh
                                      GEORGE CARAM STEEH
                                      UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 19, 2021, by electronic and/or ordinary mail and also on John Dejuan Hatcher #29458-039, FCI Fort Dix Federal Correctional Institution, P.O. Box 2000, Joint Base MDL, NJ  08640

s/B. Sauve
Deputy Clerk